## JOHN B. HENNESSEY *v*. TIMOTHY RYAN and Wife.

In a suit against husband and wife upon a joint note made by them after marriage, as the plaintiff cannot recover against both—the note being void against the wife—he cannot recover against the husband; nor will the court notice an attempt by the wife to evade the husband's defence to the action, by a confession of judgment against herself. Nor will the court authorize the plaintiff to take judgment against the husband, upon his entering a *nol pros* as to the wife; but, as the evidence showed that the husband had no defence to the note, the plaintiff was allowed to amend his writ and declaration by striking out the wife as a party defendant, and thereupon to take judgment upon the note against the husband, without costs.

ASSUMPSIT on a promissory note for eighty dollars, by the endorsee against the makers, who were husband and wife.

The case was submitted, under the general issue, to the court in law and fact. The note was executed by the defendants, husband and wife, to secure a loan of money made by the wife's mother to the husband, and was by her endorsed to her son.

It appeared upon the clerk's docket that the wife, without the consent of her husband who had answered the suit, had directed an entry that she submitted to judgment.

*William H. Greene, for the plaintiff:*—

I. The suit is against Timothy and Margaret Ryan, not as husband and wife, and the coverture of the wife must be pleaded specially, or in abatement, and cannot be availed of under the general issue. I Chit. Pl. 743.

II. At common law, a married woman cannot make a promissory note, but as our statute allows a husband and wife to convey the wife's property, does it not also allow them to bind it?

III. At any rate, we are entitled to judgment against the husband.

*Borden, for the defendants:*—

I. The note is void against the wife; no judgment can be rendered on it against her; nor can she submit to a judgment against her, against the will of her husband. *Davis v. Foy*, 7 Sm. & Marsh, 64; *Gibson v. Marquis and wife*, 29 Alabama, 668.

II. Coverture, at common law, was a good defence under the general issue. 1 Chit. Pl. 449, 477.

III. If the plaintiff cannot recover against both, he cannot, under his declaration, recover against either.

AMES, C. J. The note is void as to the wife; nor can she evade her husband's right of defence by an attempt to confess, or, as our expression is, to submit to, judgment. To support his declaration, the plaintiff must show that both the defendants, originally, promised, in the sense of made a binding contract with him; and as he has failed to do this, he cannot recover under it in its present form. This is not like the case of *Moravia* v. *Hunter & Glass*, 2 M. & S. 444, where the defendants severed in their pleas, and one of them, in addition to *non-assumpsit*, pleaded a discharge under the bankrupt act; in which case the plaintiff was allowed to enter a *nol. pros.* to the latter defendant, without discharging the former. That case disclosed a joint contract originally valid; so that the plaintiff would have been liable to a plea in abatement if he had not joined in his suit both the joint contractors. In the case at bar, the defendants have joined in their plea of the general issue, and the evidence discloses, that on account of the coverture of one of the defendants when the note was signed by her, there never was a valid joint contract made by them. To authorize the plaintiff, as has sometimes been done in this country, to enter a *nol. pros.* as to the wife, would not entitle him to judgment against the husband; since this would be, under the circumstances, only an admission of record that he never had a binding contract with both the defendants, necessary to enable him, in a suit against both, to recover against either. *Boyle* v. *Webster*, 17 Ad. & El. N. S. 950; and see 1 Wms. Saund. 207 a., n. i. and cases collected.

The conclusion would be, that the plaintiff must become nonsuit, and commence a new action against the husband alone; but, as the evidence shows that he would have no defence to it, we shall allow the plaintiff, if he desire it, to amend the writ and declaration in this, by striking out the wife as a party defendant, and to take judgment against the husband alone, provided he submit to do it, without costs of this suit.